IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| PETER R. SCOTT,<br><br>Plaintiff,<br>v.<br><br>LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>Defendant. | Case No. 2:25-cv-1069<br><br>COMPLAINT FOR LONG TERM DISABILITY BENEFITS<br><br>(Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a)(1)(B)) |

COMES NOW Plaintiff, Peter R. Scott ("Scott"), with a complaint for long term disability insurance benefits, and alleges against Lincoln National Life Insurance Company ("Lincoln"):

## I. CAUSE OF ACTION

1.1

This action is brought pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA") to recover all unpaid long term disability



**ROY LAW**
1000 SW Broadway #900
Portland OR 97205
TEL 503-206-4313
FAX 855-344-1726
www.roylawgroup.com

("LTD") benefits, through August 26, 2025, pursuant to the terms of a long term disability policy ("LTD Plan") provided by Scott's employer, Barnes & Noble, Inc. ("B&N"), pursuant to 29 U.S.C. § 1132(a)(1)(B).

Scott seeks this remedy, prejudgment and post judgment interest, plus his costs and reasonable attorney fees pursuant to 29 U.S.C. § 1132(e)(1), (f) and (g).

## II. IDENTIFICATION OF PLAINTIFF

2.1

Scott is a resident of King County, Washington.

2.2

B&N employed Scott, and offered the LTD Plan to its employees pursuant to ERISA, 29 U.S.C. § 1002(1).

2.3

Scott was a participant under the LTD Plan.

## III. IDENTIFICATION OF DEFENDANT

3.1

At all times material herein, B&N was the sponsor of the LTD Plan pursuant to ERISA, 29 U.S.C. § 1002(16)(B).

3.2

At all times material herein, B&N was the plan administrator of the LTD Plan pursuant to ERISA, 29 U.S.C. § 1002(16)(A).

3.3

At all times material herein, Lincoln was the claims administrator of the LTD Plan pursuant to ERISA, 29 U.S.C. § 1002(16)(A).

3.4

Lincoln fully insured the LTD Plan, and is wholly responsible for any judgment under the LTD Plan Scott may obtain through this action.



**ROY LAW**
1000 SW Broadway #900
Portland OR 97205
TEL 503-206-4313
FAX 855-344-1726
www.roylawgroup.com

## IV. JURISDICTION AND VENUE

4.1

Jurisdiction is conferred on this court by ERISA, 29 U.S.C. § 1132(e)(1), (f) and (g), which gives the United States district courts jurisdiction to hear civil actions brought to recover plan benefits, as well as other declarative relief and attorney fees and costs under ERISA.

4.2

Venue is proper in this district court pursuant to ERISA, 29 U.S.C. § 1132(e)(2) and pursuant to 28 U.S.C. § 1391.

## V. STANDARD OF REVIEW

5.1

The denial of LTD benefits is reviewed by this court *de novo*.

## VI. FIRST CAUSE OF ACTION

6.1

Scott ceased working on March 28, 2023, due to the debilitating symptoms of alcohol use disorder, among other conditions.

6.2

The LTD Plan has a one hundred fifty day Elimination Period.

6.3

The LTD Plan has a two year limitation on claims based on mental illness and/or substance abuse.

6.4

If Scott is entitled to benefits under the LTD Plan, then they would have started on August 26, 2023, with a maximum term ending on August 25, 2025.

6.5

Lincoln denied Scott's claim for LTD benefits in a November 30, 2023 letter.



ROY LAW
1000 SW Broadway #900
Portland OR 97205
TEL 503-206-4313
FAX 855-344-1726
www.roylawgroup.com

6.6

Scott timely appealed the denial of his claim for LTD benefits on May 23, 2024.

6.7

On October 17, 2024, Lincoln denied Scott's appeal of the denial of his claim for LTD benefits.

6.8

Scott has complied with all contractual requirements of the LTD Plan, including but not limited to the submission of sufficient medical proof of his ongoing and disabling medical conditions.

6.9

Lincoln wrongfully denied Scott's claim for benefits.

6.10

Lincoln's wrongful denial of Scott's claim for LTD benefits was, and still is, a violation of ERISA, 29 U.S.C. § 1132(a)(1)(B).

6.11

As a direct and proximate result of Lincoln's wrongful denial, Scott has been damaged in the amount of each unpaid monthly benefit from August 26, 2023, through August 25, 2025.

6.12

As a direct and proximate result of Lincoln's wrongful denial, Scott is entitled to recover prejudgment interest, which is accruing on each unpaid monthly benefit payment from August 26, 2023, through August 25, 2025.

6.13

As a direct and proximate result of Lincoln's wrongful denial, Scott has incurred attorney fees and costs that are recoverable pursuant to ERISA, 29 U.S.C. § 1132(g)(1).



ROY LAW
1000 SW Broadway #900
Portland OR 97205
TEL 503-206-4313
FAX 855-344-1726
www.roylawgroup.com

**WHEREFORE,** Scott prays for judgment against Lincoln as follows:

A. For the gross amount of each unpaid monthly LTD benefit payment from August 26, 2023, through August 25, 2025, pursuant to ERISA, 29 U.S.C. § 1132(a)(1)(B);

B. For a declaration that Lincoln has breached its fiduciary duty to Scott by wrongfully denying Scott's LTD claim, and estopping Lincoln from continuing to deny Scott's claim;

C. For Scott's attorney fees and costs pursuant to ERISA, 29 U.S.C. § 1132(g)(1);

D. For prejudgment and post judgment interest; and

E. For such further relief as the court deems just and equitable.

DATED this 9th day of June, 2025.

**ROY LAW GROUP**

by: */s/ Darrin Class*

Darrin Class, WSBA # 21925
Roy Law Group
1000 SW Broadway Suite 900
Portland OR 97205
Phone: 503-206-4313
FAX: 855-344-1726
darrin@roylawgroup.com