UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PETER R SCOTT,<br><br>Plaintiff(s),<br><br>v.<br><br>LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>Defendant(s). | CASE NO. 2:25−cv−01069−KKE<br><br>ORDER REGARDING CHAMBERS PROCEDURES IN CIVIL CASES |

This order sets forth the chambers−specific procedures that apply in this case. These procedures supplement the Federal Rules of Civil Procedure ("FRCP") and the Local Civil Rules ("LCR") of this district. When the term "counsel" is used in this order, it includes lawyers as well as any party representing themselves. When the terms "party" or "parties" are used in this order, they include counsel.

## I. COMMUNICATIONS WITH CHAMBERS

Parties should direct initial inquiries to Courtroom Deputy Diyana Staples at Diyana_Staples@wawd.uscourts.gov. All parties must be copied on emails when communicating with the courtroom deputy. Ex parte communications with chambers involving any matter other than checking on a decision on a motion under Local Rules W.D. Wash. LCR 7(b)(5) or settlement are strongly discouraged.

## II. COURTESY COPIES

Courtesy copies are required for pleadings that in the aggregate (*i.e.*, the brief plus any declarations or exhibits) are longer than 50 pages, trial exhibits, or upon Court

request. If a party believes that courtesy copies may be helpful, such as for complex graphs or images best viewed in color, the party may submit a courtesy copy to chambers for the Court's ease of reference. The courtesy copy must be the version of the document with the header generated by CM/ECF, as this header includes important information (*i.e.*, case number, document number, page number, date filed, etc.). Courtesy copies shall be printed double−sided. Courtesy copies should be three−hole punched, tabbed, and placed in a binder or otherwise bound.

## III. CROSS−MOTIONS

The Court encourages parties filing cross−motions to agree to an alternate briefing schedule allowing for four briefs (one cross−motion, second cross−motion/opposition, opposition/reply, and reply) rather than a full six briefs (motion, opposition, and reply for each cross−motion). If the parties can reach an agreement on such a schedule and any necessary adjustments to the page/word limits, they shall submit a stipulated motion and proposed order for the Court's approval.

## IV. DISCOVERY DISPUTES[1]

As required by LCR 37(a), all discovery matters are to be resolved by agreement if possible. If agreement is not possible, prior to the filing of any discovery motions, the Court directs the parties to request a conference with the Court. *See* FRCP 16(b)(3). The moving party must submit a joint statement to the Court briefly identifying the issue(s) in dispute. The joint statement shall be no more than three pages and shall be filed via CM/ECF. Thereafter, the moving party should contact Courtroom Deputy Diyana Staples at Diyana_Staples@wawd.uscourts.gov to schedule a conference.

---

[1] Matters where a party is proceeding *pro se* are exempted from this procedure. In those cases, parties may file discovery motions directly and note them according to Local Rules W.D. Wash. LCR 7(d).

## V. PROCEDURE FOR MOTIONS IN LIMINE[2]

All motions in limine shall be submitted in a joint brief that: (1) contains an introductory statement summarizing the case and the context for any disputes, with each side drafting its own statement if they cannot agree; and (2) presents each motion under a separate heading, below which the moving party will state its position and supporting legal authority, and the opposing party will do the same below that. Any agreed motions shall be noted as such. The joint brief must not exceed 12,600 words, excluding caption, date line, and signature block, with each party contributing no more than 6,300 words. Each party may submit a declaration with the joint brief, as necessary.

## VI. *IN CAMERA* REVIEW

If the Court orders a party to submit documents for *in camera* review, the party shall send an electronic copy of the documents to Courtroom Deputy Diyana Staples at Diyana_Staples@wawd.uscourts.gov. The party shall also deliver a physical copy of the documents to chambers, clearly marked for *in camera* review to avoid inadvertent filing on the docket.

## VII. EXHIBITS

Counsel are directed to cooperate in preparing the final pretrial order in the format required by LCR 16.1, except as detailed below. The parties must deliver two copies of their respective trial exhibits to Courtroom Deputy Diyana Staples seven days before the trial date. Each exhibit shall be clearly marked. The Court hereby alters the LCR 16.1 procedure for numbering exhibits: Plaintiff(s)' exhibits shall be numbered consecutively beginning with 1; Defendant(s)' exhibits shall be numbered consecutively beginning with 500. Duplicate documents shall not be listed twice. Once a party has identified an exhibit in the pretrial order, it may be used

---

[2] Matters where a party is proceeding *pro se* are exempted from this procedure. In those cases, parties shall file motions in limine according to the briefing schedule set forth in Local Rules W.D. Wash. LCR 7(d).

by any party. Each set of exhibits shall be submitted in a three−ring binder with appropriately numbered tabs.

In addition, no later than seven days before the trial date, the parties should send an electronic copy of all exhibits in .PDF format with Optical Character Recogonition ("OCR") searchable text to Courtroom Deputy Diyana Staples at Diyana_Staples@wawd.uscourts.gov. The parties should notify the Court of any physical objects or files that cannot be transmitted electronically. Exhibits must be marked as described above, and the following protocols also apply: (1) Electronic exhibits must be transmitted individually (i.e., one exhibit per file), but exhibits may have multiple pages; (2) Exhibit file names should match the descriptions listed on the joint exhibit list as closely as possible except that file names should not exceed 80 characters, e.g., Ex 1 − Accident Scene Photo; Ex. 501 − email dated 4−03−23.

## VIII. PRIVACY

Pursuant to LCR 5.2(a), parties shall refrain from including, or shall partially redact where inclusion is necessary, the following personal data identifiers from all documents filed with the Court or used as exhibits in any hearing or at any trial, unless otherwise ordered by the Court:

- Dates of Birth − redact to the year of birth, unless deceased.
- Names of Minor Children − redact to the initials, unless deceased or currently over the age of 18.
- Social Security or Taxpayer Identification Numbers − redact in their entirety.
- Financial Accounting Information − redact to the last four digits.
- Passport Numbers and Driver License Numbers − redact in their entirety.

Parties in social security appeals and immigration cases shall comply with LCR 5.2(c).

## IX. ORAL ARGUMENTS

The Court will generally grant requests for oral argument and will also generally grant requests for status or scheduling conferences. While the Court prefers to hold arguments in person, particularly on dispositive motions, the Court will consider requests for remote hearings. When the Court sets an oral argument on a pending motion, the Court will renote the motion for the day of the argument.

The Court also encourages opportunities for junior attorneys and Rule 9 licensed legal interns to appear and to argue in Court, accompanied and supervised by a more experienced attorney. Requests for leave for Rule 9 interns to argue in Court will be freely granted, and the Court will permit multiple attorneys to argue for one party if this creates an opportunity for junior attorneys to participate.

All requests pertaining to oral argument should be submitted via email to Courtroom Deputy Diyana Staples at Diyana_Staples@wawd.uscourts.gov.

## X. SCHEDULING TEMPLATE & CONTINUANCES

To aid the parties in drafting requests for schedule continuances, the Court's preferences regarding case scheduling are listed here. Please contact Courtroom Deputy Diyana Staples at Diyana_Staples@wawd.uscourts.gov before requesting a continuance of a trial date to a future date certain, to ensure the Court's availability. After the parties obtain an approved new trial date from Ms. Staples, the parties may file a stipulated motion for a continuance. If the Court grants the stipulated motion for a continuance, it will issue an amended case schedule using its standard offset dates (in the table below). If any of the deadlines in the amended case schedule cause an irreconcilable conflict, the parties may request amendment within 14 days after the amended case schedule is entered.

//

//

| Event | Date |
| --- | --- |
| TRIAL SET FOR 9:30 a.m. on | **Trial Date** |
| Length of trial | ___ days |
| Deadline for joining additional parties | 28 days from today |
| Deadline for filing amended pleadings | 56 days from today |
| Disclosure of expert testimony under FRCP 26(a)(2) due | TR − 7 mos |
| All motions related to discovery must be filed by | TR − 6 mos |
| Discovery must be completed by | TR − 5 mos |
| All dispositive motions and motions challenging expert witness testimony must be filed by this date (*see* LCR 7(d)). Such motions must be noted for consideration no later than 28 days after this date (*see* LCR 7(d)). | TR − 4 mos |
| Settlement conference, if mediation has been requested by the parties per LCR 39.1, held no later than | TR − 2 mos |
| Proposed jury instructions and agreed LCR 16.1 Pretrial Order due, including exhibit list with completed authenticity, admissibility, and objections fields | TR − 21 days |
| Trial briefs, joint brief on motions in limine, proposed voir dire questions, and deposition designations due | TR − 14 days |
| Pretrial conference | TBD |

//

//

//

//

//

//

## XI. SETTLEMENT

If this case settles, counsel shall notify Courtroom Deputy Diyana Staples via email at Diyana_Staples@wawd.uscourts.gov as soon as possible. Pursuant to LCR 11(b), an attorney who fails to give the courtroom deputy prompt notice of settlement may be subject to sanctions.

Dated this 24th day of June 2025.

Kymberly K Evanson

Honorable Kymberly K. Evanson
United States District Judge