The Honorable Kymberly K. Evanson

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PETER R. SCOTT<br><br>Plaintiff,<br><br>v.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>Defendant. | No. 2:25-cv-01069-KKE<br><br>DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES |

Defendant The Lincoln National Life Insurance Company ("Lincoln"), by and through its counsel of record, answers the Complaint filed by Plaintiff Peter R. Scott, as follows. Except as expressly admitted, Lincoln denies the allegations of Plaintiff's Complaint.

Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the Barnes & Noble, Inc. Long Term Disability Plan (the "LTD Plan"), but Lincoln denies that Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in the introductory Paragraph of the Complaint.

## I. CAUSE OF ACTION

1.1 Lincoln admits that the LTD Plan is an employee benefit plan as defined by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Lincoln admits that Plaintiff was, at certain times, employed by Barnes & Noble, Inc. ("B&N") and a participant



BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

in the LTD Plan sponsored by B&N to provide disability benefits to certain of its employees. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan, along with other damages, but Lincoln denies that Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 1.1 of the Complaint and the unnumbered Paragraph thereafter.

## II. IDENTIFICATION OF PLAINTIFF

2.1 Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation. Lincoln denies all remaining allegations contained in Paragraph 2.1 of the Complaint.

2.2 Lincoln admits that Plaintiff was, at certain times, employed by B&N and a participant in the LTD Plan sponsored by B&N to provide disability benefits to certain of its employees. Lincoln denies all remaining allegations contained in Paragraph 2.2 of the Complaint.

2.3 Lincoln admits that Plaintiff was, at certain times, a participant in the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 2.3 of the Complaint.

## III. IDENTIFICATION OF DEFENDANT

3.1 Lincoln admits the allegations contained in Paragraph 3.1 of the Complaint.

3.2 Lincoln admits the allegations contained in Paragraph 3.2 of the Complaint.

3.3 Lincoln admits the allegations contained in Paragraph 3.3 of the Complaint.

3.4 Lincoln admits that it issued Group Disability Income Policy No. GF3-880-054583-01 (the "Policy") to B&N, which Policy, at certain times, insured benefits paid by the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 3.4 of the Complaint.

## IV. JURISDICTION AND VENUE

4.1 Lincoln admits that Plaintiff's claims are governed by ERISA and that this Court has subject matter jurisdiction over this action. Lincoln specifically denies, however, that the



BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 4.1 of the Complaint.

4.2 Lincoln admits that Plaintiff's claims are governed by ERISA and that venue of this action is proper in this Court. Lincoln denies all remaining allegations contained in Paragraph 4.2 of the Complaint.

## V. STANDARD OF REVIEW

5.1 To the extent that Paragraph 5.1 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 5.1 of the Complaint.

## VI. FIRST CAUSE OF ACTION

6.1 Lincoln admits Plaintiff’s last day of work at B&N was on or about March 27, 2023. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff’s claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 6.1 of the Complaint.

6.2 To the extent that the allegations contained in Paragraph 6.2 seek to interpret the provisions of the Policy or documents governing the LTD Plan, Lincoln refers to the Policy and the documents governing the LTD Plan as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 6.2 of the Complaint.

6.3 To the extent that the allegations contained in Paragraph 6.3 seek to interpret the provisions of the Policy or documents governing the LTD Plan, Lincoln refers to the Policy and the documents governing the LTD Plan as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 6.3 of the Complaint.

/ / /



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

6.4 To the extent that the allegations contained in Paragraph 6.4 seek to interpret the provisions of the Policy or documents governing the LTD Plan, Lincoln refers to the Policy and the documents governing the LTD Plan as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 6.4 of the Complaint.

6.5 Lincoln admits that Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan under the Policy. Lincoln admits it sent a letter dated November 30, 2023, to Plaintiff, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 6.5 of the Complaint.

6.6 Lincoln admits it received a letter dated May 23, 2024, from Plaintiff's counsel, along with additional documentation, appealing the denial of benefits from the LTD Plan under the Policy, and Lincoln refers to the letter and documents themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 6.6 of the Complaint.

6.7 Lincoln admits it sent a letter dated October 17, 2024, to Plaintiff's counsel, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 6.7 of the Complaint.

6.8 Lincoln admits that Plaintiff submitted a claim for benefits from the LTD Plan. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 6.8 of the Complaint.

6.9 Lincoln admits only that its decisions on Plaintiff's claim for benefits were based on the administrative record regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any

/ / /



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 6.9 of the Complaint.

6.10 To the extent that the allegations contained in Paragraph 6.10 of the Complaint contain legal conclusions, Lincoln is not required to respond. Lincoln admits only that its decisions on Plaintiff's claim for benefits were based on the administrative record regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 6.10 of the Complaint.

6.11 Lincoln denies the allegations contained in Paragraph 6.11 of the Complaint.

6.12 Lincoln denies the allegations contained in Paragraph 6.12 of the Complaint.

6.13 Lincoln denies the allegations contained in Paragraph 6.13 of the Complaint.

Lincoln denies all allegations contained in the WHEREFORE Paragraph of the Complaint and Paragraphs A-E thereunder and denies Plaintiff is entitled to the relief sought in the Prayer of the Complaint.

Lincoln denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred in whole or in part by waiver, estoppel, or laches.

3. The standard of review by the District Court in this case should be whether the decision on Plaintiff's claim for LTD benefits was arbitrary and capricious because the relevant Policy and plan documents contain sufficient discretionary language.

4. Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy, which require offset and/or repayment of any award of other income or benefits Plaintiff receives or is eligible to receive, including any disability benefits



BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

Plaintiff or Plaintiff's dependents receive or are eligible to receive from the Social Security Administration and any disability benefits Plaintiff receives from any commercial disability policy or workers' compensation policy or plan.

5. Lincoln expressly reserves the right to amend this Answer to assert such additional affirmative defenses as may appear appropriate on initial Rule 26 disclosures or following discovery in this matter.

6. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

7. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

8. To the extent that Plaintiff raises a claim for breach of fiduciary duty or equitable relief under 29 U.S.C. § 1132(a)(3) against Lincoln, such claim fails as a matter of law due to the availability of a claim for recovery of benefits under ERISA under 29 U.S.C. § 1132(a)(1)(B).

9. The damages, if any, claimed by Plaintiff are limited to those available under ERISA, and Plaintiff may not recover statutory or other penalties from Lincoln.

## PRAYER

WHEREFORE, having fully answered Plaintiff's Complaint, and having pleaded its affirmative defenses, Lincoln prays for the following relief:

1. That Plaintiff take nothing by this Complaint;

2. That the Complaint be dismissed in its entirety with prejudice;

3. That Plaintiff is denied each and every demand and prayer for relief contained in the Complaint;

4. That Lincoln be awarded its attorneys fees, costs of suits, and expenses incurred herein; and

/ / /



BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

5. For such other and further relief as the Court deems just and equitable.

DATED August 4, 2025.

BARRAN LIEBMAN LLP

By *s/ Andrew Schpak*
Andrew Schpak, WSBA No. 39901
aschpak@barran.com

LAW OFFICES OF IWANA RADEMAEKERS, P.C.

By *s/ Iwana Rademaekers*
Iwana Rademaekers, Texas Bar #16452560
*Pro Hac Vice* forthcoming
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of August 2025, I served the foregoing **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES** on the following parties at the following addresses:

Darrin Class
Roy Law Group
1000 SW Broadway, Suite 900
Portland, OR 97205
darrin@roylawgroup.com

Attorneys for Plaintiff

by the following indicated method(s) set forth below:

☑ Electronic Filing using the Court's ECF System

☐ Facsimile

☐ First-class mail, postage prepaid

☐ Hand-delivery

☐ EMail

s/ *Andrew M. Schpak*
Andrew M. Schpak



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212